IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09CR210-1 |
| | ) | 1:15CR302-1 |
| CARL EDWARD MONROE, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

These cases are before the court on Carl Edward Monroe Jr.'s petitions for writ of error coram nobis. (Doc. 13 in case no. 1:09CR210; Doc. 28 in case no. 1:15CR302.) The United States filed a response in each case that did not oppose the requests. (Doc. 17 in case no. 1:09CR210; Doc. 31 in case no. 1:15CR302.) The court notified the parties during a sentencing hearing on July 22, 2025, in the related case of United States v. Monroe, case number 1:24CR96-1, that supplemental briefing was necessary as to the petition in case number 1:15CR302 because it appeared that relevant case law was not addressed. The parties have filed their supplemental briefing, and the Government now argues that the writ should not issue as to Monroe's conviction in case number 1:15CR302, and Monroe disagrees. (Docs. 35, 37 in case no. 1:15CR302.) For the reasons set forth below, the court grants Monroe's petition for writ of coram nobis in case number 1:09CR210, and his conviction and judgment in that case will be vacated;

Monroe's petition in case number 1:15CR302 will be denied.

## I.  BACKGROUND

On June 29, 2009, a three-count Indictment was filed against Monroe in case number 1:09CR210.  (Doc. 1.)  On September 8, 2009, Monroe pleaded guilty to Count One, which alleged that he possessed a firearm in and affecting commerce having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Id. at 1; see Text Entry of September 8, 2009, in case no. 1:09CR210.) On March 11, 2010, Monroe was sentenced to 30 months' imprisonment and three years' supervised release.  (Doc. 12 at 1-3 in case no. 1:09CR210.)  The sole predicate felony conviction for this federal conviction was a February 9, 2009 conviction in the District Court of Moore County, North Carolina, case number 08CR52790, for possession of cocaine, a Class I felony.  (Doc. 11 at 1-2 in case no. 1:09CR210.)  At the time of that conviction, however, Monroe had a Prior Record Level of I under North Carolina's structured sentencing scheme, resulting in a presumptive imprisonment range with a maximum penalty of eight months.  (Id. at 2-3; Doc. 17 at 2 in case no. 1:09CR210; Doc. 22 at 7 in case no. 1:15CR302.) Under then-applicable law, that prior conviction constituted a felony for purposes of the federal firearm law because the statute permitted punishment of more than one year.  See United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005).  But in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Fourth Circuit held

2

that a court must conduct an individualized determination, under North Carolina's structured sentencing scheme, to assess whether the defendant in fact could have been punished by a period of imprisonment exceeding one year. Id. at 239, 250. Because Monroe's predicate state conviction could not have resulted in a term of imprisonment exceeding one year under the sentencing scheme, the conviction would not support his federal conviction for possession of a firearm by a convicted felon. Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013) (holding Simmons applies retroactively to cases on collateral review).

In case number 1:15CR302, Monroe was charged with, and pleaded guilty to, a one count Indictment alleging that he knowingly possessed a firearm on December 26, 2014, in Moore County, having been convicted of a crime punishable by imprisonment or a term exceeding one year, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1; see Text Entry of December 7, 2015.) On March 15, 2016, he was sentenced to 18 months' imprisonment and two years' supervised release. (Doc. 25 at 1-3 in case no. 1:15CR302.) His prior predicate felonies for this conviction were his non-Simmons-compliant Moore County drug conviction in case number 08CR52790 and his conviction in case number 1:09CR210, which was predicated on that non-Simmons-compliant drug conviction. (Doc. 22 at 7, 8 in case no. 1:15CR302.) Monroe had no other potential qualifying convictions prior to sentencing in the 1:15CR302 case.

3

These prior convictions are now at issue because on March 25, 2024, Monroe was indicted in this district on multiple counts in case number 1:24CR96-1. (Doc. 1.) On January 13, 2025, he pleaded guilty to another violation of 18 U.S.C. § 922(g)(1). (Doc. 34 in case no. 1:24CR96-1; see Text Entry of January 13, 2025, in case no. 1:24CR96-1.) He is presently scheduled to be sentenced on August 26, 2025. Monroe seeks to vacate his two prior convictions because both are used to increase his criminal history category and resulting Guidelines range in the presentence report in the 2024 case.

## II.  ANALYSIS

### A.  Standard of Review

The All Writs Act permits "courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). While the Act does not itself confer jurisdiction, "a court's power to issue any form of relief . . . is contingent on that court's subject-matter jurisdiction over the case or controversy." United States v. Denedo, 556 U.S. 904, 911 (2009). An application for coram nobis relief is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." Id. at 912-13 (citations omitted). Thus, because the court had subject matter jurisdiction over the original judgments of conviction, it has subject matter jurisdiction over the

4

application for <u>coram nobis</u> relief. <u>Id.</u> at 913. The writ is an extraordinary remedy that permits a petitioner to attack an unconstitutional or unlawful conviction after he has served his sentence and is no longer in custody. <u>United States v. Morgan</u>, 346 U.S. 502, 511-13 (1954). To obtain a writ of <u>coram nobis</u>, a petitioner must establish that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." <u>United States v. Lesane</u>, 40 F.4th 191, 197 (4th Cir. 2022).

**B. 2009 Conviction**

As to case number 1:09CR210, the Government concedes, and the court finds, that Monroe has satisfied the requirements for <u>coram nobis</u> relief. He has fully served his sentence, and the prior conviction is noted as a sentencing factor that increases his calculated advisory Guidelines range in his current presentence report in case number 1:24CR96-1. As to the second prong, the Fourth Circuit has counseled that "when a coram nobis petitioner presents a persuasive claim of actual innocence, a failure to explain a lack of effort in seeking relief earlier can be relevant, but will not categorically preclude the writ." <u>Id.</u> at 201. "Moreover," the court added, "if the petitioner is clearly innocent

5

of the offense being challenged, untimeliness should not ordinarily bar relief." Id. (permitting challenge 17 years after conviction). After Simmons, which applies retroactively, the February 9, 2009 drug conviction in Moore County in case number 08CR52790 is not a qualifying felony, and thus Monroe is innocent on the face of the record for his federal conviction in case number 1:09CR210. Declaring his innocence to "set the record straight" is necessary, especially since this conviction is relevant in his pending case, case number 1:24CR96-1. See Lesane, 40 F.4th at 205 ("In order to achieve justice in this situation — where it is clear that the coram nobis petitioner is actually innocent, yet spent several years in custody for an offense he did not commit — we are obliged to set the record straight."); (Doc. 45 at 7, 9, 13 in case no. 1:24CR96-1.)

It is not clear from the present record whether Monroe made any payment toward the $100 special assessment for his conviction in case number 1:09CR210 or, if so, the total amount of payments. However, any money he did pay should be returned.[1]

---

[1] In order to facilitate that return, the court will need a mailing address where any refund can be sent. Monroe should, through counsel, supply the Clerk's Office with an appropriate mailing address. Upon entry of a final order vacating Monroe's conviction, the Clerk's Office will calculate the amount of any refund that is due and send that amount to the address provided, or Monroe may elect to apply any refund to his 2024 case (case number 1:24CR96-1). If it is determined that no refund is due, the Clerk's Office should so notify Monroe at the address provided.

6

### C.  2015 Conviction

As to Monroe's 2015 conviction, however, the parties disagree.  They agree that even though the predicate for this conviction was Monroe's conviction in case number 1:09CR210 and that conviction is now being vacated, it was still in place at the time he possessed the firearm that led to the 2015 case.  They also agree that under the rule established by United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), the later vacatur of a predicate that was in place at the time the firearm possession occurred does not call a § 922(g)(1) conviction into question. Monroe did not challenge his predicate felony prior to his possession of a firearm in the 2015 case, so he remained a prohibited person at the time he committed the offense.

Monroe argues, however, that "the continued use of the Kahoe precedent is unconstitutional as applied to Mr. Monroe in light of New York State Rifle & Pistol Association, Inc. et al. v. Bruen, __ U.S. __, 142 S. Ct. 2111 (2022)."  (Doc. 35 at 2 in case no. 1:15CR302.)  Under Bruen, a reviewing court considers whether the plain text of the Second Amendment covers the individual's conduct, and if so, it is presumptively constitutionally protected unless the Government can demonstrate that regulation of the conduct is "consistent with the Nation's historical tradition of firearm regulation."  Id. at 2130.  Monroe points to the Fourth Circuit's decision in United States v. Hunt, 123 F.4th 697 (4th Cir. 2024),

that addressed an as-applied challenge to section 922(g)(1) under the Second Amendment. In rejecting the challenge, the court cited its prior observation that the Second Amendment right as defined by the Supreme Court in District of Columbia v. Heller, 554 U.S. 570 (2008), protects "the right of law-abiding responsible citizens to use arms in defense of hearth and home." Hunt, 123 F.4th at 703 (quoting United States v. Moore, 666 F.3d 313 (4th Cir. 2012)). The court concluded:

> A felon cannot be returned to the category of law-abiding, responsible citizens for the purposes of the Second Amendment unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful, thus foreclosing the vast majority of as-applied challenges.

Id. (quoting Hamilton, 848 F.3d 614, 626 (4th Cir. 2017) (citation modified). And although the court noted that "Moore left open the 'possibility' that some hypothetical challenger could 'rebut the presumptive lawfulness of § 922(g)(1) as applied' to that person," it also observed that the Fourth Circuit's "later decisions repeatedly rejected such challenges, including those brought by 'allegedly non-violent felons.'" Id. (citations omitted). Nevertheless, Monroe argues that he was a "wrongfully convicted felon" in the 2009 case and that he and "similarly situated individuals" fall into the exception that Moore left open for as applied challenges to otherwise lawful regulations. (Doc. 35 at 3-4 in case no. 1:15CR302.)

8

The Government responds that Hunt and Kahoe work in tandem to "carve out" a limited exception "for felony convictions that are pardoned (or set aside/vacated)" that "applies only to those convictions pardoned or set aside before the conduct giving rise to the Section 922(g)(1) prosecution currently at issue." (Doc. 37 at 5 in case no. 1:15CR302.) According to the Government, the Hunt court acknowledged the Supreme Court's repeated affirmation of "Heller's language recognizing the 'longstanding' and 'presumptively lawful' restrictions on felons possession firearms." (Id. at 6.) In so doing, the Government notes, the Hunt court reiterated that "people who have been convicted of felonies are outside the group of 'law-abiding responsible citizen[s]' protected by the Second Amendment." (Id. (quoting Hunt, 123 F.4th at 704).) To construe Monroe's claim that he is actually innocent of his 2009 conviction in a manner that results in his 2015 possession being protected by the Second Amendment, the Government concludes, would ignore the fact that in 2015 he was nevertheless under the disability of a felony conviction under Kahoe. (Id.) The Government also notes that the text of section 921(a)(20), which provides the definition of a felony conviction, "does not provide that such a conviction was not disabling between the time it was obtained and the time it was set aside." (Id. at 7 (citation and internal quotation marks omitted).)

Kahoe is controlling law. Nothing in Bruen, Hunt, or any

9

other case indicates that this court has the authority to sidestep
Kahoe. In fact, the Fourth Circuit has continued to apply Kahoe,
albeit in unpublished opinions, since Bruen. See, e.g., United
States v. Berry, No. 22-4381, 2024 WL 2206502, at *3 (4th Cir. May
16, 2024) (unpublished) (holding that Kahoe foreclosed argument
that vacation of predicate conviction after unlawful possession
warranted dismissal of section 922(g)(1) charge); United States v.
Abusnena, No. 22-4216, 2023 WL 1462836, at *1 (4th Cir. Feb. 2,
2023) (unpublished) (same).

Here, Monroe could have challenged his 2009 conviction prior
to possessing the firearm that led to the 2015 indictment, but he
did not do so. This appears to explain why Monroe's counsel did
not move to dismiss the 2015 indictment at the time it was handed
down, as the Fourth Circuit, albeit in an unpublished opinion, had
found that Kahoe precluded such a challenge. See United States v.
Neal, 458 F. App'x 246, 2011 WL 6275941, at *1 (4th Cir. 2011)
(unpublished) (relying on Kahoe to uphold a § 922(g)(1) conviction
from a 2008 gun possession even though the predicates were Simmons-
infirm state convictions and a 2005 922(g)(1) conviction based on
those predicates). In fact, the docket in the 2015 case reflects
as much. (See Doc. 23 at 4-5 (Monroe's position paper noting he
did not challenge the 2009 conviction after Simmons), Doc. 24 at
3-6 (Government's position paper citing Kahoe and Neal, among other
cases), and Doc. 32 at 15-16 (Government noting at sentencing that

10

Monroe remained a convicted felon because he did not challenge his 2009 conviction before possessing the firearm), all in case no. 1:15CR302.)

For these reasons, Monroe has failed to establish that a valid reason exists to overturn his 2015 conviction, and his petition for a writ of coram nobis as to that conviction will be denied.

**III. CONCLUSION**

For the reasons noted, therefore,

IT IS ORDERED that Monroe's petition for writ of coram nobis in case number 1:09CR210 (Doc. 13) is GRANTED, and the conviction and judgment are VACATED. Any money paid by Monroe toward the $100.00 special assessment shall returned or credited to him as set out above.

IT IS FURTHER ORDERED that Monroe's petition for writ of coram nobis in case number 1:15CR302 (Doc. 28) is DENIED.


                                        /s/   Thomas D. Schroeder
                                        United States District Judge

August 21, 2025